UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ALICIA A. COVILL,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN, Commissioner,<br>Social Security Administration,<br>    Defendant. | C.A. No. 15-cv-485-M-LDA |

### ORDER

The instant matter is before the court under 42 U.S.C. § 405(g), the Social Security Act, for judicial review of a "final decision" of the Commissioner of the Social Security Administration denying disability insurance benefits for which Plaintiff Alicia A. Covill had applied. This matter was referred to a United States Magistrate for preliminary review, findings, and recommended disposition as to Ms. Covill's motion to reverse and Ms. Colvin's motion for an order affirming the Commissioner's decision. *Mathews v. Weber*, 423 U.S. 261, (1976); 28 U.S.C. § 636(b)(3). The Magistrate Judge recommended that Ms. Covill's motion be denied, and that Ms. Colvin's motion be granted. ECF No. 13. Ms. Covill has objected to these findings and recommendations. The issue she presents to this Court is whether substantial evidence exists on the record to support the Commissioner's decision that she failed to establish that she was under a disability.

Ms. Covill objects to the Report & Recommendation ("R & R") and argues several errors in the record on appeal. This Court's role in reviewing a disability

decision is limited because, although questions of law are reviewed de novo, "[t]he findings of the Commissioner ... as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g)(2000). "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Upon review, the Court adopts the Magistrate's recommendation and concludes that the Commissioner's decision should be affirmed.

Ms. Covill levels three objections to the R&R. In short, she argues that the ALJ and Magistrate Judge erred in 1) inappropriately relying on GAF scores; 2) concluding that Ms. Covill was not credible; and 3) making their Residual Functional capacity ("RFC") assessment. The first point of error involves a page missing from the record and the Magistrate Judge's consideration of the treating source and state agency opinions. As an initial matter, the Court agrees with the Magistrate Judge that the "missing page" had no bearing in the outcome of this case. She fully explored the significance (or the lack thereof) of this missing page such that this Court finds that this point of error needs no further exploration.

The consideration of medical and other treating source opinions is a more significant point, but ultimately does not move the needle in Ms. Covill's favor. The Court finds that the Magistrate Judge was correct to accept the ALJ's evaluation of the medical opinions. The ALJ had before him the opinions of Ms. Covill's treating providers, Dr. Terry Mailhot and Ms. Janice Denuccio, RNP and that of State agency

consulting physician, Dr. Stephen Clifford. The Magistrate Judge found that the ALJ's decision to give "substantial weight" to the opinions of the consulting physician was supported by the record and in keeping with applicable law. Ms. Covill argues that the Magistrate Judge unfairly based her medical source opinion evaluation on the Global Assessment of Functioning ("GAF") number that resulted from an initial intake evaluation of Ms. Covill. However, it is clear from the R & R that GAF scores were simply one of a number of reasons the Magistrate Judge found supported the minimal weight that the ALJ gave to the treating sources. Even disregarding the GAF scores, there was substantial evidence to support the ALJ's findings. Ms. Covill has shown no reversible error in the ALJ's decision to credit Dr. Clifford's opinions over those of Dr. Mailhot and Nurse Denuccio. The Magistrate Judge found no error and neither does this Court.

Second, the Magistrate Judge gave appropriate deference to the ALJ's determination of credibility. The ALJ provided specific and adequate reasons that he discredited Ms. Covill's testimony. *Da Rosa v. Sec'y of Health & Human Servs.*, 803 F.2d 24, 26 (1st Cir. 1986). The ALJ properly considered Ms. Covill's subjective complaints of persistent side effects that were not supported in the record, her activities of daily living that were inconsistent with her statements, her mental health exams that showed no significant abnormalities, and her irregular and inconsistent mental health treatment belied her reports of overwhelming anxiety. The ALJ also observed her demeanor at the hearing, reporting that she was alert, pleasant and calm. The Magistrate Judge found that these reasons were grounded

in the evidence and this Court agrees. There was sufficient evidence to conclude that Ms. Covill's subjective complaints were not supported by the record; therefore, Ms. Covill's second claim of error fails.

Finally, Ms. Covill argues that the evidence does not support parts of the RFC finding because, despite placing more weight on Dr. Clifford's opinions than on the treating providers' opinions, the ALJ found her more socially limited than Dr. Clifford did. This argument also fails upon review. The Magistrate Judge analyzed the ALJ's RFC and correctly concluded that even if it was error, it was a harmless one and therefore does not support a remand. *See Morris v. Astrue*, C.A. No. 11-625S, 2013 WL 1000326, at *16 (D.R.I. Feb. 1, 2013).

After a complete review of the entire record, motions, and briefings, the Court finds that the Magistrate Judge issued a well-supported R & R concluding that substantial evidence supported the Administrative Law Judge's ("ALJ") decision. The Court, therefore, adopts the R & R for the reasons stated therein. Therefore, for the reason stated in the R & R of the Magistrate Judge, the report is accepted, Ms. Covill's Motion to Reverse (ECF No. 10) is DENIED and the Commissioner's Motion to Affirm (ECF No. 11) is GRANTED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

December 1, 2016